**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **DONNA SAUCEDA,** | CIV F 07-1167 AWI GSA |
| Plaintiff, | **ORDER ON DEFENDANTS'** |
| v. | **MOTION TO DISMISS** |
| **WAREHOUSE DEMO SERVICES, INC., CAROLYNN McQUERY, ADRIENNE GOUVEIA, and DOES 1 through 10, inclusive,** | |
| Defendants. | |

Currently set for hearing on February 19, 2008, is Defendants's Rule 12(b)(1) and Rule 12(b)(6) motions to dismiss. The Court has reviewed the moving papers and has determined that a hearing is not necessary. The Court will vacate the hearing and instead issues this order that resolves the motion.

Plaintiff filed suit in August 2007, and alleged sexual harassment and retaliation in violation of Title VII (42 U.S.C. § 2000e) against Warehouse Demo Services (who is her former employer), Adrienne Gouveia (who is her former supervisor), and Carolynn McQuery (a human resources officer for Warehouse Demo Services). Plaintiff also alleges both negligent and intentional infliction of emotional distress under state law against Gouveia. As part of her complaint, Sauceda alleges that she has exhausted her administrative remedies under Title VII.

Defendants move to dismiss Sauceda's Title VII claim on the grounds that she did not

timely exhaust her administrative remedies and that McQuery and Gouveia, as individuals and not employers, cannot be individually liable. Gouveia also seeks to dismiss Sauceda's emotional distress causes of action as barred by the applicable statute of limitations.

### Rule 12(b)(1) Motion[1]

Sauceda was terminated from her employment on May 10, 2005. She filed a complaint with the California Department of Fair Employment and Housing ("DFEH") on September 16, 2005. Defendants' Exhibit 1. DFEH sent Sauceda a case closure notice on September 29, 2005. Defendants' Exhibit 2. The DFEH notice stated in part that, if a federal right to sue letter was wanted, Sauceda needed to file a complaint with the EEOC within the earlier of 30 days of the DFEH notice or 300 days of the alleged discriminatory act. Id. Sauceda filled out an EEOC "Intake Questionnaire" on October 24, 2005. Plaintiff's Exhibit 1. Sauceda filed a formal charge with the EEOC on May 18, 2006. Defendants' Exhibit 3. The EEOC gave Sauceda a right to sue letter on May 16, 2007.

Defendants argue that Sauceda did not timely file her charge with the EEOC. Since she filed a complaint with DFEH first, she had to file a charge with the EEOC the earlier of either 300 days from the discriminatory act or 30 days from the state agency's closure. However, Sauceda filed her charge with the EEOC on May 18, 2006, which is 232 days after the DFEH notice and 374 days after her termination. Since exhaustion of administrative remedies is jurisdictional, and Sauceda did not file her charge timely, the court lacks jurisdiction.

Sauceda argues that she filed the Intake Questionnaire on October 24, 2005. Since October 24, 2005, is within 30 days of September 29, 2005 DFEH closure notice, as well within 300 days of termination, Sauceda argues she timely complied with her exhaustion obligations.

---

[1] A Rule 12(b)(1) motion may be either facial, where the inquiry is confined to the allegations in the complaint, or factual, where the court is permitted to look beyond the complaint to extrinsic evidence. Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004); Savage v. Glendale Union High School Dist. No. 205, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003). The plaintiff has the burden of establishing federal jurisdiction. Vacek v. UPS, 447 F.3d 1248, 1250 (9th Cir. 2006). Here, Defendants made a factual challenge and Sauceda properly filed responding evidence. See Safe Air For Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004); Savage, 343 F.3d at 1039 n.2.

*Discussion*

"As a prerequisite to suite, both the ADA and Title VII require the filing of a charge and the issuance of a right-to-sue letter." O'Loughlin v. County of Orange, 229 F.3d 871, 876 (9th Cir. 2000). When an aggrieved person first institutes proceedings with an authorized state agency, a charge with the EEOC must be filed within 300 days after the alleged unlawful employment practice occurred, or within 30 days after notice of the state agency's termination of proceedings, whichever is the earlier. 42 U.S.C. § 200e-5(e)(1); Garcia v. Los Banos Unified Sch. Dist., 418 F.Supp.2d 1194, 1216 (E.D. Cal. 2006). The Title VII filing requirement may be met by the timely filing of an EEOC Intake Questionnaire. See Wood v. City of San Diego, 239 Fed. Appx. 310, 312 (9th Cir. 2007); Casavantes v. California State University, 732 F.2d 1441, 1443 (9th Cir. 1984); see also B.K.B. v. Maui Police Dep't, 276 F.3d 1091, 1102 (9th Cir. 2002). That is, a "completed Intake Questionnaire, in the context of both the amendment procedures and the liberality to be ascribed to the procedural requirements, is sufficient to constitute a charge." Casavantes, 732 F.2d at 1143. The failure to timely file a charge with the EEOC will bar the claim. See Hernandez v. Spacelabs Med., Inc., 343 F.3d 1107, 1115-16 (9th Cir. 2003).

Here, there is no question that if Sauceda had simply filed the May 18, 2006, charge, she would not have timely exhausted her administrative remedies and her Title VII claim would be barred. See 42 U.S.C. § 2000e-5(e); Hernandez, 343 F.3d at 1115-16. However, Plaintiff filed an EEOC Intake Questionnaire on October 24, 2005. See Plaintiff's Exhibit 1. As in *Casavantes*, Sauceda's completed Intake Questionnaire was "a written statement sufficiently precise to identify the parties, and to describe generally the action or practices complained of." Cf. Casaventes, 732 F.2d at 1443 with Plaintiff's Exhibit 1. The Intake Questionnaire was filed within 30 days of the September 29, 2005, DFEH notice letter, as well as within 300 days of Sauceda's May 10, 2005, termination. Thus, Sauceda exhausted her administrative remedies.[2]

---

[2]Defendants point out that the intake form is not signed or verified and seek to distinguish *Casavantes*, in that, unlike this case, Casavantes filed her intake claim with the EEOC and had not previously filed with a state agency. Defendants cite no cases that have accepted this distinction. When there is a completed and sufficiently detailed intake form, the Ninth Circuit views the intake form as a charge. See Wood, 239 Fed. Appx. at 312; Casavantes, 732 F.2d at 1142-43. If the properly completed and detailed intake form is considered a charge, then it does not matter if the claimant went to a state agency first. Further, the failure to sign and verify the charge is

See Wood, 239 Fed. Appx. at 312; Casaventes, 732 F.2d at 1443. Defendants' Rule 12(b)(1) motion to dismiss is denied.[3]

### Rule 12(b)(6) Motion

McQuery and Gouveia argue that since they are individuals, they cannot be liable under Title VII. Further, Gouveia argues that the emotional distress claims against her are barred by the statute of limitations.

Sauceda urges the Court to follow the reasoning of *Ostrach v. Regents of the University of California,* 957 F.Supp. 196 (E.D. Cal. 1997), consider Title VII's language, and allow her to maintain her Title VII claims against McQuery and Gouevia. Additionally, Sauceda "concedes that her pendant state claims against defendant Gouveia for intentional and negligent infliction of emotional distress claims against Gouveia are time barred." Plaintiff's Opposition at 2.

*Discussion*

A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988). Leave to amend need not be granted when amendment would be futile. Gompper v. VISX, Inc., 298 F.3d 893, 898 (9th Cir. 2002).

With respect to the Title VII claims against Gouveia, the law in the Ninth Circuit is that "civil liability for employment discrimination [under Title VII] does not extend to individual agents of the employer who committed the violations, even if that agent is a supervisory employee." Pink v. Modoc Indian Health Project, Inc., 157 F.3d 1185, 1189 (9th Cir. 1998); see Craig v. M&O Agencies, Inc., 496 F.3d 1047, 1058 (9th Cir. 2007); Holly D. v. California Institute of Tech., 339 F.3d 1158, 1179 (9th Cir. 2003); Miller v. Maxwell's Int'l Inc., 991 F.2d

---

considered a technical defect and is cured by the filing of a verified complaint, which relates back to the intake form. See Casavantes, 732 F.2d at 1443; 29 C.F.R. § 1601.12(b). Although there is a significant gap in time between Sauceda filing the Intake Questionnaire and her filing of a formal, verified complaint, there is no time limit indicated for amendments to relate back. See 29 C.F.R. § 1601.12(b).

[3]Defendants also point out that there is a split of authority among the circuits whether an Intake Questionnaire may sufficiently exhaust administrative remedies. The Supreme Court has granted certiorari to resolve the split. Nevertheless, as of this moment, the law that this Court must follow is expressed in *Casavantes*.

583, 587-88 (9th Cir. 1993). The *Ostrach* opinion was forceful in its critique of the Ninth Circuit's opinion in *Miller*. Nevertheless, *Ostrach* appropriately applied *Miller* after noting its disagreement with that decision. See Ostrach, 957 F.Supp. at 200. Over ten years have passed since *Ostrach* and the law as enunciated in *Miller* remains the law in the Ninth Circuit. See Craig, 496 F.3d at 1058; Miller, 991 F.2d at 587-88. This Court cannot and will not apply the *Ostrach* critique. Sauceda's Title VII claims against McQuery and Gouveia are not cognizable as a matter of law. See Craig, 496 F.3d at 1058; Holly D., 339 F.3d at 1179; Pink, 157 F.3d at 1189; Miller, 991 F.2d at 587-88. Dismissal of this claim against these two Defendants without leave to amend is appropriate.

Finally, since Sauceda candidly and forthrightly concedes that her state law claims against Gouveia for emotional distress are time barred, dismissal of these claims without leave to amend is appropriate.

Accordingly, IT IS HEREBY ORDERED that:

1. The February 19, 2008, hearing on Defendants's motion to dismiss is VACATED;
2. Defendants' Rule 12(b)(1) motion is DENIED;
3. The causes of action against Defendants McQuery and Gouveia are DISMISSED without leave to amend; and
4. The remaining Defendant, Warehouse Demo Services, will file an answer to Plaintiff's complaint, consistent with this order, within ten (10) days of service of this order.

IT IS SO ORDERED.

**Dated:   February 13, 2008**                   /s/ Anthony W. Ishii
                                    UNITED STATES DISTRICT JUDGE