Carolyn D. Phillips (Bar No. 103045)
Attorney at Law
P.O. Box 5622
Fresno, CA 93755-5622
Telephone: (559) 248-9833
Attorney for Plaintiff Donna Sauceda

Bradley W. Kampas (Bar No. 111639)
Mitchell F. Boomer (Bar No. 121441)
Cara Ching-Senaha (Bar No. 209467)
JACKSON LEWIS LLP
199 Fremont Street, 10th Floor
San Francisco, California 94105
Telephone: (415) 394-9400
Facsimile: (415) 394-9401
Attorneys for Defendants
Warehouse Demo Services, Inc.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNA SAUCEDA | Case No. 1:07-CV-01167-AWI-GSA |
| Plaintiff, | |
| v. | **[PROPOSED] STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER** |
| WAREHOUSE DEMO SERVICES, INC., CAROLYNN MCQUERY, Director of Human Resources WDS INC., ADRIENNE GOUVEIA, Regional Manager, WDS Inc., and DOES 1 through 10, Inclusive, | Trial Date: September 29, 2009 |
| Defendants. | |

The PARTIES, by and through their respective counsel, hereby stipulate to the terms contained in the attached Stipulation Regarding Confidentiality, which is Exhibit A hereto.

**Dated: September 12, 2008**        **CAROLYN PHILLIPS**

                                                          By:   **/s/ Carolyn D. Phillips**
                                                                    **Carolyn D. Phillips**
                                                                    **Attorney for Plaintiff**
                                                                    **Donna Sauceda**

1

[PROPOSED] STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER
Case No. 1:07-cv-01167-AWI-GSA

PDF created with pdfFactory trial version www.pdffactory.com

**Respectfully Submitted,**

Dated:   August 28, 2008              JACKSON LEWIS LLP


By:_____/s/_____
    Bradley W. Kampas
    Mitchell F. Boomer
    Cara Ching-Senaha
    Attorneys for Defendant
    Warehouse Demo Services, Inc.


## **ORDER**

Pursuant to the foregoing Stipulation of the parties, and good cause appearing therefore, IT IS SO ORDERED.


Dated:  September 26, 2008            /s/ Gary S. Austin
                                      HON. GARY S. AUSTIN
                                      UNITED STATES MAGISTRATE JUDGE

1
2
3  **EXHIBIT A**
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PDF created with pdfFactory trial version www.pdffactory.com

**STIPULATION REGARDING CONFIDENTIALITY**

Pursuant to the Federal Rules of Civil Procedure, Plaintiff DONNA SAUCEDA and DEFENDANT WAREHOUSE DEMO SERVICES (collectively hereinafter referred to as "Parties"), through their respective counsel, hereby stipulate to the following confidentiality provisions:

1. Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted.

2. In connection with discovery proceedings in this action, the Parties may stipulate to designate any document, thing, material, testimony or other information derived therefrom, as "Confidential" under the terms of this Stipulation (hereinafter "Stipulation").  Said stipulations shall be in writing or on the record in deposition or at trial.

3. The Parties acknowledge that this Stipulation does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.

4.a. The Parties further acknowledge that this Order creates no entitlement to file confidential information under seal; local court rules and/or the Federal Rules of Civil Procedure set forth procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the Court to file material under seal.

4b. Hence, a Party seeking to protect from public filing certain Confidential Records is not required to file a motion to have such records kept under seal.  Rather, the Party sponsoring or offering the documents to the Court for consideration shall lodge the documents under seal, unless and until the sponsoring Party obtains the other party's consent in writing that the documents may be filed in the Court's public record.

5. Confidential documents shall be so designated by stamping copies of the document produced to a party with the legend "CONFIDENTIAL".  Stamping the legend or

PDF created with pdfFactory trial version www.pdffactory.com

words "CONFIDENTIAL" on the cover of any multi-page document shall designate all pages of the document as confidential, unless otherwise expressly indicated by the Producing Party or Designating Party. Only documents so designated shall be deemed Confidential for purposes of this Stipulation. Material designated as confidential under this Stipulation, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as confidential (hereinafter "Confidential Material") shall be used only for the purpose of the prosecution, defense, or settlement of this action, and for no other purpose.

6. The Parties agree that the Confidential Material set forth above shall include, but not necessarily be limited to, Plaintiff Donna Sauceda's medical records subpoenaed from Dr. Jagmeet Chann and Dr. Sukhbir Manjal, except as such documents are offered by Plaintiff in support of her claim(s) against Defendant. In addition, the parties agree that the Confidential Material set forth above shall include, but not necessarily be limited to, financial, budget and other documents showing Defendant's financial condition, projections, targets or goals or budgets, processes, as well as any other proprietary or trade secret information. By so agreeing, however, Defendant does not waive the protections under the federal rules, statutes, and/or cases which may limit or preclude the timing and extent of discovery into such matters or into Defendant's financial status and condition.

7. Confidential Material produced or subpoenaed or otherwise obtained from any source, pursuant to this Stipulation, may be disclosed or made available only to the Court, to counsel for a party (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" designated below:

(a) a Party, or an officer, director, or employee of a Party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action (the Party proposing to make the disclosure must disclose to the other Party's attorney the names and titles of all persons to whom the records or information may be disclosed at least 7 calendar days before any disclosure);

(b) experts or consultants (together with their clerical staff) retained by such

PDF created with pdfFactory trial version www.pdffactory.com

counsel to assist in the prosecution, defense, or settlement of this action, provided such experts, consultants and staff are first provided with a copy of this Stipulation and agree in unity to be bound by the terms and conditions of this Stipulation (upon request, the Party proposing to make the disclosure must disclose to the other Party's attorney the names and titles of all persons to whom the records will be disclosed at least 7 calendar days before any disclosure);

(c) court reporter(s) employed in this action;

(d) a witness at any deposition or other proceeding in this action if approved by the court at trial; and,

(e) any other person as to whom the Parties in writing agree.

Prior to receiving any Confidential Material, each "qualified person" shall be provided with a copy of this Stipulation and agree to maintain the confidentiality of the information.  In addition, each person to whom disclosure is made pursuant to paragraphs 7(a) and 7(b) must sign a copy of this Stipulation agreeing to maintain confidentiality.  Copies of all such signed agreements shall be provided to the Parties upon request.

8. If timely corrected, an inadvertent failure to designate qualified information or documents as confidential does not, standing alone, waive the Designating Party's right to secure protection under this Stipulation for such material. If information or material is appropriately designated after it was initially produced or obtained, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Stipulation.

9. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

10. A Party who elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly with counsel for the Designating Party.  In conferring, the challenging Party must explain the basis

PDF created with pdfFactory trial version www.pdffactory.com

for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet- and-confer process first.

11. A Party who elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion under the applicable Rules of Court that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet-and-confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet-and-confer process. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the court rules on the challenge, all parties shall continue to afford the material or documents in question the level of protection to which it is entitled under the Producing Party's designation.

12. The following definitions apply to the terms as they are used herein:

Party: any party to this action, including all of its officers, directors, employees, consultants, and outside counsel (and their support staff).

Disclosure: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

Documents: as defined by the Code of Civil Procedure;

Receiving Party: a Party that receives information or material designated as confidential from a producing party.

Producing Party: a Party or non-party that produces information or material designated as confidential in this action

Designating Party: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery information or material designated as

7

PDF created with pdfFactory trial version www.pdffactory.com

confidential under this Stipulation

<u>Outside Counsel</u>: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

<u>House Counsel</u>: attorneys who are employees of a Party.

<u>Counsel</u> (without qualifier): Outside Counsel and House Counsel (as well as their support staffs).

<u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party. This definition includes a professional jury or trial consultant retained in connection with this litigation.

<u>Professional Vendors</u>: persons or entities who provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits, or demonstrations; organizing, storing, retrieving data in any form or medium, etc.) and their employees and subcontractors.

13. Nothing herein shall impose any restrictions on the use or disclosure by a Party of material obtained by such Party independent of discovery in this action, whether or not such material is also obtained through discovery in this action, or from disclosing its own Confidential Material as it deems appropriate. This applies, but is not limited to, information disseminated pursuant to the Freedom of Information Act.

14. In the event that any Confidential Material is used or referenced in any court proceeding in this action, it shall not lose its confidential status through such use.

15. This Stipulation shall be without prejudice to the right of the Parties to bring before the Court at trial the question of whether any particular document or information should retain its confidential status or be assigned confidential status.

16. All Parties who may be added or who may join the litigation after execution of this Stipulation shall agree in writing to its terms or be deemed non-parties for purposes of this Stipulation.

PDF created with pdfFactory trial version www.pdffactory.com

17. Nothing in this Stipulation, nor the production of any information or document under the terms of the Stipulation, nor any proceedings pursuant to this Stipulation, shall be deemed to have the effect of an admission or waiver by either Party or of altering the confidentiality or non-confidentiality of any such document or information.

18. This Stipulation shall survive the final termination of this action, to the extent that the information contained in Confidential Material is not or does not become known to the public, until a Designating Party agrees otherwise in writing or a court Stipulation otherwise directs.  The Court at trial shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder.  Upon termination of this case, upon written request, counsel for the Parties shall assemble and return to each other all documents, material and deposition transcripts designated as confidential and all copies of same, or shall certify the destruction thereof.

19. A Party who files or intends to file with the Court for the purposes of adjudication or to use at trial records produced in discovery that are subject to this Stipulation and who not does intend to have the records sealed must comply with all applicable rules of court, local rules and federal rules, and lodge the records with the Court.

20. A Party requesting that a record be filed under seal must file a motion or an application for an order sealing the records pursuant to all applicable rules of court, local rules and/or federal rules.

//

//

//

//

//

//

//

9

[PROPOSED] STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER
Case No.  1:07-cv-01167-AWI-GSA

PDF created with pdfFactory trial version www.pdffactory.com

21. Upon signing of this agreement, the signing Party is bound by its terms notwithstanding any delay that may result in the Court's final adoption or execution of this Order.

**IT IS SO STIPULATED:**

Dated:  September 12, 2008          CAROLYN PHILLIPS


                                    By:  /s/ Carolyn D. Phillips
                                         Carolyn D. Phillips
                                         Attorney for Plaintiff
                                         Donna Sauceda


                                    Respectfully Submitted,

Dated:  August 28, 2008             JACKSON LEWIS LLP



                                    By:        /s/
                                         Bradley W. Kampas
                                         Mitchell F. Boomer
                                         Cara Ching-Senaha
                                         Attorneys for Defendant
                                         Warehouse Demo Services, Inc.


H:\W\Warehouse Demo Services\Sauceda, Donna (117255)\Pleadings\Stipulated Confidentiality and Protective Order CMC 082708.doc

PDF created with pdfFactory trial version www.pdffactory.com